## STRINGER v. HART.

No. 2274.    Opinion Filed November 26, 1912.

(128 Pac. 135.)

**APPEAL AN DERROR—Review—Sufficiency of Evidence.** It is the established rule of this court that if there is any evidence reasonably tending to support a verdict it will not be disturbed by this court; but, on the other hand, it is a sound principle of law that, where there is no evidence in support of a verdict, nor any circumstances from which a valid inference may be drawn in support of such verdict, and an exception to the evidence has been properly saved, the verdict should be set aside.

(Syllabus by Harrison, C.)

*Error from Canadian County Court;*
*H. L. Fogg, Judge.*

Action by S. M. Hart against T. J. Stringer. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Forrest & Sansom,* for plaintiff in error.

*F. A. Thomas,* for defendant in error.

Opinion by HARRISON, C. This action was begun in the county court of Canadian county December 10, 1908, by S. M. Hart against T. J. Stringer for $442.50, alleged to be due on certain chattels sold by plaintiff to defendant. Defendant answered, and by cross-petition pleaded in offset a promissory note executed by plaintiff to defendant, which, with interest, amounted to $255, and pleaded a further offset of $76.15 for labor, cash, and farm implements furnished to plaintiff. The cause was tried at the January term, 1910, resulting in a verdict and judgment for plaintiff in the sum of $442.50, thus giving plaintiff judgment for what he had sued for, and denying defendant any offset to the account. From this judgment and order overruling motion for a new trial, defendant appeals upon two grounds of error: First. The verdict is against the evidence. Second. The court should have granted a new trial.

Considering both assignments under one head, we have this proposition to determine: Whether the court should have granted a new trial, on the ground that the verdict was not supported by sufficient evidence; and on the further ground of newly discovered evidence, which, with reasonable diligence, could not have been discovered and produced at the trial. As to the first ground, it is the established rule of this court that if there is any evidence reasonably tending to support it a verdict will not be disturbed. On the other hand, it is a sound principle of law that if there is no evidence to support a verdict, nor any circumstance from which a valid inference may be drawn in support of such verdict, where an exception to the evidence has been properly saved, the verdict should be set aside. The verdict in the case at bar, considered as an entirety, is not supported by the evidence. It is

true that plaintiff's claim for $442.50 was supported by sufficient evidence. In fact, this claim is not seriously denied by defendant; but growing out of the transaction between plaintiff and defendant was the $250 note, which, under the pleadings and under the evidence, was a valid offset against plaintiff's account, and should have been allowed, unless there was some evidence tending to show such note had been paid. We have examined the record and find no evidence whatever that such note, or any part of same, had been paid. The only circumstance from which it might be remotely inferred that defendant had received anything in payment of such note was that the house on the Indian land could have been moved by defendant prior to July 1st. As to whether the house could have been moved depended upon whether plaintiff had a lease contract from the Indian Department, which provided for or authorized its removal by the lessee. Plaintiff claimed that he had such a lease; that by virtue of which he had subleased the tract to defendant. In the sublease agreement plaintiff was to erect a house on such tract for defendant. But not having the money defendant furnished the money with which to build the house, and plaintiff executed to defendant the note for the amount furnished. And in the agreement, either the payment of the note, or the removal of the house at the expiration of the lease, would have reimbursed defendant for the money furnished in the building.

But the plaintiff made no claim that he had paid the note otherwise than to have given defendant, under the sublease agreement, the right to remove the house. Plaintiff claimed and was ⁓ermitted to testify, over defendant's objection, that he had had lease from the Indian Department, which gave him a right to erect improvements on the land, and to remove them at the termination of the lease. He claimed, however, to have lost such lease, and was therefore unable to introduce same in evidence at the trial. The representation that he had such a lease had been made to defendant throughout the transactions between them. And defendant had relied on the truth of such representations, and believed in the truth of same at the trial. But after the trial was over, and before the time expired for presenting a motion

for a new trial, defendant ascertained from the Indian agent and from the Indian who owned the allotment in question that plaintiff had never had a lease of any kind on the tract in question. Hence, the defendant embodied this newly discovered evidence in his motion for a new trial. Inasmuch as there was no testimony tending to show that the note had been paid, except by the right to remove the house, and inasmuch as his right to remove the house depended upon plaintiff's right to remove same under the provisions of the alleged lease, and inasmuch as defendant could have shown by the agent of the Indians, by the Indian himself, and by the records of the Indian Department that no such lease had ever been issued to plaintiff, and that defendant had been misled throughout the transaction by the misrepresentations of plaintiff, and having at all times relied on the fact that plaintiff had the lease, up to the time he had found out from the Indian agent that plaintiff had no such lease, we think the verdict should have been set aside and a new trial granted.

Therefore the judgment should be reversed and the caues remanded.

By the Court: It is so ordered